# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| JUAN PABLO ALVAREZ; WILLIAM ASKINS; RACHEL BROWN; JAMES BUCK; NOAH BUTLER; BETHANY CARLSON; JAMIE RYAN DICKEY; KAYLA GRAVES; MARIE HAGLUND; ELIZABETH HOGAN; LAUREN L. HOWARD; ALLISON JACKSON; GRACEN A. KAHN; BRIGITTE MONROE; ELIZABETH MYERS; AMANDA NELSON; JESSICA RESTREPO; TIFFANY ROWE; MELISSA STATON; AMANDA TEMPLE; DANIELLE WARREN; and LISA JEAN WILKINS;<br><br>Plaintiffs,<br><br>v.<br><br>CENTRAARCHY RESTAURANT MANAGEMENT COMPANY,<br><br>Defendant. | C/A No.  2:18-cv-125-PMD<br><br>**FLSA COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

## INTRODUCTION

Plaintiffs are twenty-two (22) current and former employees ("Employees") of Defendant CentraArchy Restaurant Management Company ("CentraArchy") who, along with forty-nine (49) other current and former employees, filed individual claims before the American Arbitration Association ("AAA") in November 2017 alleging violations of the Fair Labor Standards Act ("FSLA") pursuant to Employees' contract with CentraArchy requiring that any dispute be arbitrated before the AAA. CentraArchy failed to pay the required fees with the AAA as to Employees' arbitration demands.

The AAA warned CentraArchy on two (2) separate occasions that if CentraArchy did not pay the filing fees of $1,900 per individual claim, the AAA would dismiss the arbitration demands

and bar CentraArchy from ever utilizing the AAA's arbitration services in the future. (*See* Ltrs. Tacy Zysk, Manager ADR Services AAA to Shannon F. Oliver, counsel for CentraArchy (December 11, 2017 & December 21, 2017), attached as Exhibits A and B, respectively). Despite receiving these warnings, CentraArchy refused to pay the applicable fees for the seventy (70) separate arbitration demands.

On January 10, 2018, the AAA dismissed the Employees' claims and the claims of the other forty-nine (49) employees and has barred CentraArchy from ever arbitrating any claims before it. (*See* Ltr. Tacy Zysk to Shannon Oliver (Jan. 10, 2018), attached as Exhibit C). Because Employees' claims in arbitration have been dismissed as a result of CentraArchy's conduct, Employees' FLSA claims are properly now brought in this Court because of CentraArchy's refusal to comply with the AAA's rules. Employees seek a jury trial.

Plaintiffs, by counsel, and for their Complaint against Defendant CentraArchy allege as follows:

**NATURE OF ACTION**

1. This is an action brought individually for unpaid minimum wages, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA"), and to recover improperly withheld tips under the South Carolina Payment of Wage Act, S.C. Code Ann. § 41-10-10, *et seq.* ("SCPWA")..

2. Defendant violated the FLSA by paying less than the minimum wage to Plaintiffs by claiming a tip credit and then requiring contributions of tips to an invalid tip pool.

3. Defendant also violated the SCPWA by requiring certain Plaintiffs to contribute a portion of their earned tips to an invalid tip pool.

4. Specifically, Defendant required Plaintiffs and other tipped employees to share a percentage of their tips – calculated as a percentage of gross sales during each shift – with kitchen

bartenders who work at a separate bar located in the non-public kitchen area of Defendant's restaurants, which Defendant has mislabeled a "service bar." This label is a misnomer because the kitchen-based bartenders at Defendant's restaurants do not serve customers or have any interaction with them.

5. Unlike the bartenders working at the bar in the true customer-service area of the restaurants who serve the bar customers and the immediate tables surrounding that section of the restaurants, the kitchen-based bartenders do not have any customer interaction and simply prepare beverages and desserts ordered by customers in the dining area of the restaurants. Those dining customers are served by servers, food runners, and hosts/hostesses, not the kitchen-based bartenders. The kitchen-based bartenders at Defendant's restaurants – like other kitchen staff making entrees, side items, salads, and desserts – are not employed in a job position that customarily and regularly receives tips from customers. Rather, they function as back-of-the-house kitchen staff preparing food and drinks outside the presence of customers and without any customer interaction. Accordingly, by paying them, servers, food runners, and hosts/hostesses less than minimum wage and requiring them to contribute a portion of their tips to the kitchen-based bartenders, Defendant has violated the minimum-wage provisions of the FLSA.

6. CentraArchy's inclusion of kitchen-based service bartenders in a mandatory tip pool was not in accordance with industry standard, custom, and practice. (*See* Decl. David Sherwyn ¶¶ 22-29 (Jan. 10, 2018), attached as Exhibit D).

7. By requiring certain Plaintiffs to contribute a portion of their tips to a tip pool that violates the FLSA, Defendant has also violated the SCPWA.

3

8.      Employees are all current or former employees of CentraArchy and previously filed arbitration demands against CentraArchy with the AAA, which have been dismissed because CentraArchy refused to pay the applicable filing fees.  (*See* Exhibit C).

## PARTIES, JURISDICTION, AND VENUE

9.      Plaintiff Juan Pablo Alvarez is a citizen and resident of Greenville County, the State of South Carolina.

10.     Plaintiff William Askins is a citizen and resident of Florence County, the State of South Carolina.

11.     Plaintiff Rachel Brown is a citizen and resident of Charleston County, the State of South Carolina.

12.     Plaintiff James Buck is a citizen and resident of Dorchester County, the State of South Carolina.

13.     Plaintiff Noah Butler is a citizen and resident of Charleston County, the State of South Carolina.

14.     Plaintiff Bethany Carlson is a citizen and resident of Charleston County, the State of South Carolina.

15.     Plaintiff Jamie Ryan Dickey is a citizen and resident of Chatham County, the State of Georgia.

16.     Plaintiff Kayla Graves is a citizen and resident of Charleston County, the State of South Carolina.

17.     Plaintiff Marie Haglund is a citizen and resident of Charleston County, the State of South Carolina.

18.     Plaintiff Elizabeth Hogan is a citizen and resident of Charleston County, the State of South Carolina.

19. Plaintiff Lauren L. Howard is a citizen and resident of Berkeley County, the State of South Carolina.

20. Plaintiff Allison Jackson is a citizen and resident of Greenville County, the State of South Carolina.

21. Plaintiff Gracen A. Kahn is a citizen and resident of Berkeley County, the State of South Carolina.

22. Plaintiff Brigitte Monroe is a citizen and resident of Lexington County, the State of South Carolina.

23. Plaintiff Elizabeth Myers is a citizen and resident of Charleston County, the State of South Carolina.

24. Plaintiff Amanda Nelson is a citizen and resident of Charleston County, the State of South Carolina.

25. Plaintiff Jessica Restrepo is a citizen and resident of Greenville County, the State of South Carolina.

26. Plaintiff Tiffany Rowe is a citizen and resident of Orange County, the State of California.

27. Plaintiff Melissa Staton is a citizen and resident of Dorchester County, the State of South Carolina.

28. Plaintiff Amanda Temple is a citizen and resident of Greenville County, the State of South Carolina.

29. Plaintiff Danielle Warren is a citizen and resident of Greenville County, the State of South Carolina.

30. Plaintiff Lisa Jean Wilkins is a citizen and resident of Charleston County, the State of South Carolina.

31. Defendant is a for-profit company incorporated in the State of South Carolina that owns and operates at least twenty restaurants in South Carolina, Georgia, Florida, Alabama, and Louisiana. Upon information and belief, Defendant's headquarters are located in Charleston, South Carolina, and Defendant owns, operates, and controls relevant employment policies for all of its restaurants, including the California Dreaming Restaurant and Bar located at 1 Ashley Point Drive, Charleston, South Carolina, and at 40 Beacon Drive, Greenville, South Carolina, where Defendant has employed Plaintiffs as servers and paid them less than the minimum wage in violation of the FLSA.

32. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Fair Labor Standards Act.

33. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant is located within this judicial district and division.

34. Defendant is subject to personal jurisdiction in the state of South Carolina. *See* S.C. Code Ann. § 36-2-803 (2011).

### **FACTS**

35. Defendant is a management company that owns and operates restaurants in at least twenty locations throughout South Carolina, Georgia, Florida, Alabama, and Louisiana.

36. Upon information and belief, Defendant has exercised operational control over its restaurants, including labor and employment practices.

37. Defendant has employed Plaintiffs as servers, food runners, hosts/hostesses, kitchen-based bartenders, or bartenders at California Dreaming Restaurant and Bar at located at 1 Ashley Point Drive, Charleston, South Carolina and at 40 Beacon Drive, Greenville, South

Carolina and paid them less than the minimum wage in violation of the FLSA by requiring them to participate in an invalid tip pool.

38. Plaintiffs have worked for Defendant at its restaurants where there are two bars, a customer-service bar located in the public area of the restaurants where customers are served directly and a separate misnamed "service bar" located in the non-public kitchen area of the restaurants. At the restaurants, the true service bartenders stationed at the bar in the public, customer-service area at the front of the restaurants prepare and serve drinks to customers. The kitchen-based bartenders, by contrast, are employed exclusively in back-of-the-house operations without any customer interaction.

39. Defendant has paid Plaintiffs less than the statutory minimum wage by taking the "tip credit" under the FLSA, 29 U.S.C. § 203(m).

40. Defendant has paid Plaintiffs who worked as servers an hourly wage of $2.13 and likewise paid other Plaintiffs who participated in the tip pool an hourly rate less than the minimum wage of $7.25 per hour.

41. In order to meet the FLSA minimum wage of $7.25 for Plaintiffs, Defendant has claimed a so-called "tip credit" based on tips received from customers. In the case of Plaintiffs who worked as servers, Defendant has claimed a tip credit of $5.12 for each hour worked.

42. In violation of the FLSA, Defendant has required Plaintiffs who worked as servers to remit a portion of their tips at the end of each shift based on their respective gross food and beverage sales, portions of which Defendant has then distributed to the food runners, hosts/hostesses, and kitchen-based bartenders.

43. The kitchen-based bartenders are not permitted to participate in the tip pool under the FLSA because they are not employed in a position that involves customer interaction and, accordingly, do not ordinarily and regularly receive tips.

44. Unlike bartenders and other employees who serve drinks to customers, Defendant's kitchen-based bartenders located at the misnamed "service bar" have no interaction with customers. Rather the kitchen-based bartenders work in the kitchen with other kitchen staff preparing drinks and other items ordered by customers who are being served by servers and other front-of-the-house employees at Defendant's restaurants.

45. Therefore, by virtue of these kitchen-based bartenders' participation in Defendant's mandated tip pools, Defendant has entirely invalidated these tip pools under the FLSA.

46. Juan Pablo Alvarez worked at the California Dreaming Restaurant in Greenville within approximately the last five years as a kitchen worker and server and participated in the mandatory tip pool during this time.

47. William Askins worked at the California Dreaming Restaurant in Charleston from approximately May 2014 until August 2014 as a server and participated in the mandatory tip pool during this time.

48. Rachel Brown worked at the California Dreaming Restaurant in Charleston from approximately March 2013 until September 2014 as a server and participated in the mandatory tip pool during this time.

49. James Buck worked at the California Dreaming Restaurant in Charleston from approximately February 2007 until June 2016 as a server and participated in the mandatory tip pool during this time.

8

50. Noah Butler worked at the California Dreaming Restaurant in Charleston from approximately July 2013 until June 2014 as a host and server assistant and participated in the mandatory tip pool during this time.

51. Bethany Carlson worked at the California Dreaming Restaurant in Charleston within approximately the last five years as a server, captain, bartender, and service bartender and participated in the mandatory tip pool during this time.

52. Jamie Ryan Dickey worked at the California Dreaming Restaurant in Charleston within approximately the last five years as a server and participated in the mandatory tip pool during this time.

53. Kayla Graves worked at the California Dreaming Restaurant in Charleston within approximately the last five years as a server and participated in the mandatory tip pool during this time.

54. Marie Haglund worked at the California Dreaming Restaurant in Charleston from approximately March 2012 until July 2014 as a server and participated in the mandatory tip pool during this time.

55. Elizabeth Hogan worked at the California Dreaming Restaurant in Charleston from approximately July 2013 until July 2014 as a service bartender, bartender, and server and participated in the mandatory tip pool during this time.

56. Lauren L. Howard worked at the California Dreaming Restaurant in Charleston from approximately November 2013 until April 2014 and from August 2014 until November 2014 as a server and participated in the mandatory tip pool during this time.

57. Allison Jackson worked at the California Dreaming Restaurant in Greenville from approximately from March 2013 until May 2014 as a server, bartender, shift leader, and service bartender and participated in the mandatory tip pool during this time.

58. Gracen Kahn worked at the California Dreaming Restaurant in Charleston from approximately January 2013 until August 2015 and in Columbia from September 2015 until October 2015 as a hostess and food runner and participated in the mandatory tip pool during this time.

59. Brigitte Monroe worked at the California Dreaming Restaurant in Charleston from approximately 2009 until January 2016 as a bartender and service bartender and participated in the mandatory tip pool during this time.

60. Elizabeth Myers worked at the California Dreaming Restaurant in Charleston within approximately the last five years as a hostess and food runner and participated in the mandatory tip pool during this time.

61. Amanda Nelson worked at the California Dreaming Restaurant in within approximately the last five years as a server and participated in the mandatory tip pool during this time.

62. Jessica Restrepo worked at the California Dreaming Restaurant in Greenville from approximately from October 2010 until May 2015 as a server and bartender and participated in the mandatory tip pool during this time.

63. Tiffany Rowe worked at the California Dreaming Restaurant in Greenville from approximately from 2012 until 2014 as a server and participated in the mandatory tip pool during this time.

64. Melissa Staton worked at the California Dreaming Restaurant in Charleston from approximately January 2015 until present as a server and captain and participated in the mandatory tip pool during this time.

65. Amanda L. Temple worked at the California Dreaming Restaurant in Greenville from approximately September 2011 until August 2013 as a zone leader and captain and participated in the mandatory tip pool during this time.

66. Danielle Warren worked at the California Dreaming Restaurant in Greenville from approximately August 2014 until present as a host controller, host, and runner and participated in the mandatory tip pool during this time.

67. Lisa Jean Wilkins worked at the California Dreaming Restaurant in Charleston within approximately the last five years as a server and participated in the mandatory tip pool during this time.

## FIRST CAUSE OF ACTION
### Violation of the Fair Labor Standards Act
### 29 U.S.C. §§ 203(m), 206
### (Violation of Tip Credit / Failure to Pay Proper Minimum Wage)

68. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if specifically set forth herein.

69. At all times relevant herein, Plaintiffs have worked in interstate commerce so as to fall within the protections of the FLSA.

70. At all times relevant herein, Defendant has been:

   a. Regularly engaged in interstate commerce;

   b. An enterprise within the meaning of § 203(r) and § 203(s)(1) of the FLSA; and

   c. An employer under the FLSA, 29 U.S.C. § 203.

11

71. At all times relevant herein, Defendant has owned an operation and has been an enterprise engaged in interstate commerce or in the production of interstate commerce as defined by the FLSA, 29 U.S.C. § 203(r) and (s).

72. At all times relevant herein, the annual gross sales volume of Defendant's business has been in excess of $500,000.00.

73. The FLSA mandates that employers compensate non-exempt employees at a minimum wage rate of $7.25 per hour.

74. Section 203(m) of the FLSA provides an exception allowing employers to pay less than the statutory minimum wage to tipped employees, on the condition that the pooling of tips is only amongst those who customarily and regularly receive tips.

75. When the employer, its owners, its managers or other persons who hold job positions in the restaurant industry that do not customarily and regularly receive tip compensation (such as cooks and kitchen staff) share in the tip pool, the tip pool exception is invalidated.

76. Without the benefit of the tip-credit provision, Defendant must pay each non-exempt employee the statutory minimum wage of $7.25 per hour.

77. Defendant has paid Plaintiffs an hourly rate less than the statutory minimum wage of $7.25 and claimed a tip credit toward Defendant's minimum wage obligation under the FLSA.

78. Accordingly, Defendant's compensation of Plaintiffs violates the minimum wage provisions of the FLSA.

79. Plaintiffs who are currently or have previously worked at Defendant's restaurants are entitled to recover damages from Defendant as a result of the Defendant's violations of the minimum wage provisions of the FLSA, liquidated damages in an equal amount, restitution of misappropriated tips, and their reasonable attorneys' fees and costs incurred in bringing this action.

80. Defendant has not made a good faith effort to comply with the FLSA because Defendant has known or should have known that its policies and practices relating to the tip pool violated the FLSA; therefore, Plaintiffs are entitled to recover liquidated damages from Defendant. Additionally, Defendant's violation of the tip pool credit has been willful, knowing, intentional, and reckless, and the limitations period for these claims extends back accordingly.

## SECOND CAUSE OF ACTION
**(Declaratory Judgment)**

81. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if specifically set forth herein.

82. Plaintiffs seek a declaratory ruling that Defendant's conduct of requiring Plaintiffs to share a percentage of their tips – calculated as a percentage of gross sales during each shift – with kitchen bartenders who work at a separate bar located in the non-public kitchen area of Defendant's restaurants (that Defendant has mislabeled a "service bar") violates the tip pool provisions of FLSA.

## THIRD CAUSE OF ACTION
**(Violation of South Carolina Payment of Wages Act ("SCPWA")**
**S.C. Code Ann. § 41-10-40)**

83. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if specifically set forth herein.

84. Plaintiffs worked for Defendant with the clear understanding and agreement by Defendant that their compensation would be consistent with all applicable laws, including federal and state wage and hour laws.

85. Plaintiffs had an employment agreement with Defendant whereby they would be paid a base hourly wage plus tips.

86. Defendant required certain Plaintiffs to contribute a portion of their tips to a tip pool to be shared with other employees not directly receiving tips. This tip pooling arrangement did not comply with federal labor law, 29 U.S.C. § 203(m), as indicated above.

87. Defendant is an "employer" as defined by the S.C. Code Ann § 41-10-10(1).

88. S.C. Code Ann § 41-10-10(2) defines Wages as "all amounts at which labor rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or commission basis, or other method of calculating the amount and includes vacation, holiday, and sick leave payments which are due to an employee under any employer policy or employment contract."

89. Tips are considered wages under the SCPWA.

90. Defendant owes Plaintiffs "wages" as defined in S.C Code Ann. § 41-10-10 (2) of the SCPWA, to compensate them for labor rendered to Defendant, as promised to Plaintiffs and as required by law.

91. Pursuant to the SCPWA, "An employer shall not withhold or divert any portion of an employee's wages unless the employer is required or permitted to do so by state or federal law. . . ." S.C. Code Ann. § 41-10-40(C).

92. Defendant unlawfully withheld tips from certain Plaintiffs because these tips were used to fund an unlawful tip pool.

93. Defendant has failed to pay Plaintiffs all wages due, as required by SCPWA.

94. Accordingly, Plaintiffs are entitled to recover their tips that Defendant unlawfully took from them to contribute to a mandatory tip pooling arrangement that was unlawful.

95. Pursuant to S.C. Code § 41-10-80(C), Plaintiffs are entitled to recover in this action an amount equal to three times the full amount of their wrongfully deducted wages (tips), plus costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand the following:

- a. Judgment against Defendant for an amount equal to their unpaid minimum wages at the applicable hourly rate of $7.25 for Plaintiffs;
- b. Liquidated damages in an amount equivalent to the unpaid minimum wages owed to them;
- c. Prejudgment interest;
- d. Judgment against Defendant in the amount of three times the total of unlawfully redistributed portions of the tips it received from Plaintiffs;
- e. Judgment against Defendant that Defendant's violations of the FLSA and its implementing regulations were willful;
- f. Attorneys' fees and costs; and
- g. All such further relief as the Arbitrator deems just and equitable.

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a trial by jury.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

Respectfully submitted,

s/ Badge Humphries
Badge Humphries (D.S.C. Bar No. 9550)
LEWIS BABCOCK L.L.P.
2113 Middle Street, Suite 305
Post Office Box 768
Sullivan's Island, South Carolina 29482
Telephone: 843-883-7424
Facsimile:  843-883-7461
bh@lewisbabcock.com

David Paavola (D.S.C. Bar No. 11713)
LEWIS BABCOCK L.L.P.
1513 Hampton Street
Columbia, South Carolina 29201
Telephone: 803-771-8000
Facsimile: 803-733-3541
dlp@lewisbabcock.com

Todd Ellis (D.S.C. Bar No. 6488)
LAW OFFICE OF TODD ELLIS, P.A.
7911 Broad River Road, Suite 100
Irmo, South Carolina 29063
Telephone: 803-732-0123
Facsimile: 803-732-0124
todd@toddellislaw.com

James M. Griffin (D.S.C. Bar No. 1053)
Margaret N. Fox (D.S.C. Bar No. 10576)
GRIFFIN | DAVIS
1116 Blanding Street
Post Office Box 999 (29202)
Columbia, South Carolina 29201
Telephone: 803-744-0800
jgriffin@griffindavislaw.com
mfox@griffindavislaw.com

Attorneys for Plaintiffs

January 12, 2018
Sullivan's Island, South Carolina